BEFORE THE FIRST DIVISION, FEBRUARY 19, 1941

No. 45423.—Protest 7829–K of Ednal Co. Inc. (New York).

TILSON, Judge: The plaintiff filed this suit against the United States seeking to recover a certain sum of money alleged to have been illegally exacted as customs duties on imported glass. Duty was levied on the merchandise at 50 percent ad valorem under paragraph 227, Tariff Act of 1930, as optical glass. Plaintiff claims the same to be properly dutiable at only $1\frac{29}{64}$ cents per pound under paragraph 219 of said act by virtue of T. D. 45313, as sheet glass, not exceeding 150 square inches, by whatever process made and for whatever purpose used.

The evidence offered by the plaintiff definitely shows that the glass in question does not exceed 150 square inches, and it is admitted that it is colored. It is also established by the evidence that the merchandise is not optical glass, as classified by the collector, but that it is sheet glass. The evidence shows, however, that the merchandise is used as photographic filters for cameras. That a camera is an optical instrument was held by the appellate court in *United States* v. *Bliss*, 6 Ct. Cust. Appls. 433, T. D. 35980.

*Amicus curiae* contend that the merchandise is "glass used * * * for optical instruments or equipment, or for optical parts," and as such dutiable as assessed by the collector. In view of what we consider to be a proper construction of said paragraph 227, we are unable to agree with this contention. Said paragraph makes no provision for "glass used for optical instruments or equipment, or for optical parts." The only glass provided for in said paragraph for optical

instruments or equipment is such glass as is used in the manufacture of lenses or prisms for optical instruments or equipment, and for that purpose this glass is not used. The same is true with reference to "optical parts." A filter for a camera is not a lens or prism for a camera.

Optical glass is defined in Webster's New International Dictionary as follows:

Optical glass: An extra fine quality of flint or crown glass used for making *lenses, prisms*, etc.

Volume 10, page 417 of the Encyclopaedia Britannica defines optical glass as follows:

The term is usually regarded as applying to the highest qualities of glass used for telescopes, microscopes, *camera lenses* and scientific instruments of precision and not to spectacle lenses and pressed lenses for which inferior glass is used. (Italics ours.)

Considering the fact that the instant merchandise is not used for making lenses of any kind, the above definitions strongly support the contention of the plaintiff that the merchandise is not optical glass, and that the collector was in error in classifying the merchandise as optical glass.

As we construe said paragraph 227 for glass, other than optical glass, it provides for glass used in the manufacture of lenses or prisms for spectacles; glass used in the manufacture of lenses or prisms for optical instruments or equipment, and glass used in the manufacture of lenses or prisms for optical parts. To each of these, of course, must be added: "scientific or commercial, in any and all forms." It is our opinion that the words "used in the manufacture of lenses or prisms," found in said paragraph 227, apply with equal force to "spectacles," "optical instruments or equipment," and "optical parts." In providing for glass other than "optical glass" in said paragraph it is clear to us that the Congress intended to provide only for glass used in the manufacture of lenses or prisms for the specifically-named articles, and that it was not its intention to provide generally for any and all glass that might be used in or in connection with any of the named articles.

After a careful examination and consideration of the entire record, including the exhibits, we are satisfied the plaintiff has established a *prima facie* case, and we therefore hold all the merchandise on the invoices which was assessed with duty at 50 percent under paragraph 227 to be properly dutiable at 1²⁵⁄₆₄ cents per pound under paragraph 219 by virtue of T. D. 45313 and, in addition thereto, 5 percent ad valorem under paragraph 224, as being colored.

To the extent indicated the specified claims in this suit are sustained; in all other respects and as to all other merchandise all the claims are overruled. Judgment will be rendered accordingly.